**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ESTHER DÁVILA RIVERA; RAFAEL VÉLEZ RIVERA; AND THE CONJUGAL PARTNERSHIP FORMED BY ESTHER DÁVILA RIVERA AND RAFAEL VÉLEZ RIVERA<br><br>    Plaintiffs,<br><br>          vs.<br><br>CARIBBEAN REFRESCOS, INC., ABC INSURANCE COMPANY<br><br>    Defendants. | CIVIL NO. 02-2499 (DRD) |

**MEMORANDUM OF LAW IN SUPPORT OF SUPPLEMENTARY MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE DANIEL R. DOMÍNGUEZ
UNITED STATES DISTRICT JUDGE:

     COMES NOW, Defendant Caribbean Refrescos, Inc. ("CRI"), through its undersigned counsel, and respectfully alleges and prays as follows:

### I. INTRODUCTION

     On February 10, 2004, the Honorable Court issued an Opinion and Order denying CRI's Motion to Dismiss Eighth Cause of Action of Amended Complaint "FMLA Violation and Discrimination". (Docket No. 45) In it, the Court determined that Co-Plaintiff Esther Dávila Rivera ("Ms. Dávila") lacks a cause of action under 29 U.S.C. § 2612(a), which creates a private cause of action against any employer that interferes with, restrains, or denies the employee's right to twelve weeks of leave as a result of a serious health condition.  Despite lacking a cause of action under this modality

Civil No. 02-2499(DRD)
Memorandum of Law in Support of Supplementary Motion for Summary
Judgment
Page 2

of the FMLA, the Honorable Court determined that Ms. Dávila's FMLA

cause of action should not be dismissed outright under a Rule

12(b)(6) standard. The Court stated that the Amended Complaint

sets "forth a sufficient factual basis from which it believes an

infraction could have occurred." (Opinion and Order at 4)

Specifically, the Honorable Court stated that, although not

expressly, the Amended Complaint

> outlines an incident on March 7, 2001, in which Dávila
> Rivera's husband, Rafael Vélez Rivera ("Vélez Rivera"),
> was returning a call to Yolanda Rosario ("Rosario") on
> her behalf, during which Rosario allegedly instructed
> Dávila Rivera, through Vélez Rivera, to discontinue use
> of her medical insurance because she was under the care
> of the SIF. . . . As a result, Dávila Rivera alleges that
> she lost private medical treatment by her psychiatrist
> Dr. Núñez López.

(Opinion and Order at 4) According to the Honorable Court, these

allegations suffice to state a cause of action under 29 U.S.C. §

2615(a)(1) which states that "[i]t shall be unlawful for any

employer to interfere with, restrain, or deny the exercise of or

the attempt to exercise, any right provided under this title 29

U.S.C. §§ 2611 *et seq*."

Notwithstanding the above, the Honorable Court ought to enter

summary judgment and dismiss with prejudice Ms. Dávila's cause of

action under the FMLA for two reasons. First, it is uncontested

that Ms. Dávila never lost her private medical coverage while

employed with CRI; rather, at the time Ms. Rosario spoke to Mr.

Civil No. 02-2499(DRD)
Memorandum of Law in Support of Supplementary Motion for Summary
Judgment
Page 3

Vélez Rivera, Ms. Dávila was receiving treatment from the State

Insurance Fund for the same condition for which she was being

treated by Dr. Núñez López, and her private medical plan's coverage

was secondary to the workers' compensation insurance she received

under the State Insurance Fund.  Second, Ms. Dávila's claim under

the FMLA is time-barred.

## II.DISCUSSION

**A.    Mrs. Rosario's telephone conversation did not interfere with
       Ms. Dávila's rights under the FMLA.**

Ms. Dávila did not lose private medical treatment as a result

of Ms. Yolanda Rosario's ("Ms. Rosario") telephone conversation

with Co-Plaintiff Vélez Rivera.  Rather, it is uncontested that, at

the time of this telephone call on March 7, 2001, Ms. Dávila was

being treated for her emotional condition by the State Insurance

Fund.  See Separate Statement of Uncontested Facts No. 1.  In fact,

Ms. Dávila began her treatment for her emotional condition at the

State Insurance Fund on February 26, 2001 and was discharged from

treatment on May 7, 2001.  See Separate Statement of Uncontested

Facts No. 2.

It is further uncontested that under the descriptive summary

of CRI's health plan, for which Cigna was the carrier and in which

Ms. Dávila participated, "[p]ayment will not be made for expenses

incurred by [the insured or any of his or her] dependents [f]or or

Civil No. 02-2499(DRD)
Memorandum of Law in Support of Supplementary Motion for Summary
Judgment
Page 4

in connection to an illness covered by any workers compensation or
similar law."  See Separate Statement of Uncontested Facts No. 3.
To the extent that Ms. Dávila was receiving treatment from the
State Insurance Fund on March 7, 2004 for the same medical
condition for which she was visiting Dr. Núñez, Ms. Rosario's
telephone conversation served to inform Ms. Dávila of what her
medical plan provided.  In this manner and as with most private
health plans, CRI's medical insurance policy with Cigna is
secondary to the workers' compensation insurance for work-related
injuries, and therefore, Cigna did not pay out proceeds if an
insured employee is receiving workers' compensation payments at the
time.  Courts have recognized the legality of these types of
provisions.  See, e.g., Hayles v. Advanced Travel Management
Corporation, No. 01 Civ. 10017(BSJ)(DFE), 2004 WL 26548 * 4
(S.D.N.Y. Jan. 5, 2004).  In view of the above, CRI was not
interfering in any way with Ms. Dávila's plan, but rather informing
her that the plan would not cover her visits to a private doctor
while she remained on treatment at the State Insurance Fund for the
same condition for which treatment is sought.

     Moreover, upon her discharge from the State Insurance Fund,
Ms. Dávila Rivera used her CRI Cigna health plan in connection with
her emotional condition.  Specifically, Ms. Dávila was able to use
her Cigna plan in connection with the therapy and treatment she

Civil No. 02-2499(DRD)
Memorandum of Law in Support of Supplementary Motion for Summary
Judgment
Page 5

received from Dr. José Berríos after being discharged from the

State Insurance Fund.  See Separate Statement of Uncontested Facts

No. 4.  Furthermore, upon her leave expiring in February 2002, CRI

sent Ms. Dávila a letter alerting her of her rights under COBRA.

See Separate Statement of Uncontested Facts No. 5.  The fact that

this letter was sent implies that at the time she ceased her

employment with CRI in February 2002, she was entitled to receive

the benefits offered by CRI's health plan.  In fact, during her

deposition, Ms. Dávila admitted that she benefitted from CRI"s

health plan under COBRA.  See Separate Statement of Uncontested

Facts No. 3.

In view of the above, there is no doubt that CRI did not

interfere with Ms. Dávila's health benefits, and therefore, her

claim under the FMLA ought to be summarily dismissed with

prejudice.

**B.   Ms. Dávila's FMLA claim is time-barred.**

Additionally, Ms. Dávila's FMLA claim ought to be summarily

dismissed as time-barred.  Under the FMLA, "[e]xcept as provided in

paragraph (2), an action may be brought under this section no later

than 2 years after the date of the last even constituting the

alleged violation for which the action is brought." 29 U.S.C. §

2617(c)(1).  In the instant case, the event upon which the FMLA

action is predicated took place on March 7, 2001.  Ms. Dávila filed

Civil No. 02-2499(DRD)
Memorandum of Law in Support of Supplementary Motion for Summary
Judgment
Page 6

the Amended Complaint which included the FMLA claim on June 9,

2003, and therefore, after the two year period had elapsed.

Consequently, Ms. Dávila's cause of action under the FMLA ought to

be summarily dismissed with prejudice as time-barred.

### III. CONCLUSION

In view that it is uncontested that:  1) Ms. Rosario's

telephone conversation with Co-Plaintiff Vélez Rivera took place

during Ms. Dávila's treatment under the State Insurance Fund, 2)

CRI's health plan with Cigna is secondary to the workers'

compensation insurance for work-related injuries from which Ms.

Dávila was benefitting at the time; and 3) Mrs. Dávila was able to

use her private health plan upon being discharged from the State

Insurance Fund, the Honorable Court ought to conclude that CRI did

not interfere with any of Mrs. Dávila's rights under 29 U.S.C. §

2615(a)(1).  Consequently, the Honorable Court ought to dismiss

with prejudice Mrs. Dávila's pending claim under the FMLA.

Furthermore, the Honorable Court ought to summarily dismiss

Ms. Dávila's FMLA claim in view that it was brought more than two

years after it accrued, and therefore, is time-barred.

**WHEREFORE**, CRI hereby requests that its Supplementary Motion

for Summary Judgment be granted dismissing Mrs. Dávila's claim

under the FMLA with prejudice.

**RESPECTFULLY SUBMITTED.**

Civil No. 02-2499(DRD)
Memorandum of Law in Support of Supplementary Motion for Summary
Judgment
Page 7

In San Juan, Puerto Rico, this 23rd day of April, 2004.

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on the aforementioned date the instant motion was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Juan M. Frontera Suau, at fronterasuau@hotmail.com and bufetecelinaromany@hotmail.com and to Dennis Simonpietri at arteres@coqui.net, dennis_simonpietri@hotmail.com.

**PIETRANTONI MENDEZ & ALVAREZ LLP**
Attorneys for Caribbean Refrescos, Inc.
Popular Center 19th Floor
209 Muñoz Rivera Avenue
San Juan, Puerto Rico  00918
Tel: 787-274-1212
Fax: 787-274-1470

By: s/ Oreste R. Ramos

Jorge I. Peirats
USDC No. 201409
jpeirats@pmalaw.com

Oreste R. Ramos
USDC No. 216801
oramos@pmalaw.com

77575.1